Patricia A. PUGLIESE,
Plaintiff–Appellant,

United States, Intervenor,

v.

Jack DILLENBERG, in his individual capacity and official capacity as Director of the Arizona Department of Health Services, husband; Wayne Leblance, in his official capacity as Assistant Chief of the Arizona Department of Health Services Office of Human Rights, husband; Arizona, State of, Defendants–Appellees.

No. 01–16544.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 11, 2003.*

Filed Oct. 7, 2003.

Trisha Kirtley, Phoenix, AZ, for the plaintiff-appellant.

Lisa Kay Hudson, Office of the Attorney General, Liability Management Section, Phoenix, AZ, for the defendants-appellees.

Before KLEINFELD, WARDLAW, and W. FLETCHER, Circuit Judges.

PER CURIAM Opinion; Concurrence by Judge KLEINFELD.

## OPINION

PER CURIAM.

The State of Arizona validly waived its sovereign immunity under the Eleventh

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Amendment to claims brought pursuant to § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, et seq., when it accepted federal Rehabilitation Act funds. *See Miranda B. v. Kitzhaber,* 328 F.3d 1181, 1185–86 (9th Cir.2003); *Lovell v. Chandler,* 303 F.3d 1039, 1050–51 (9th Cir.2002); *Douglas v. Cal. Dept. of Youth Auth.,* 271 F.3d 812, 819–21 (9th Cir.2001), *rehearing en banc denied* at 285 F.3d 1226 (9th Cir.2002). The district court's decision to the contrary, *see Pugliese v. Ariz. Dept. of Health and Human Servs.,* 147 F.Supp.2d 985, 989–91 (D.Ariz.2001), which was rendered prior to the decisions cited above, is therefore REVERSED. We REMAND for further proceedings consistent with this opinion.

KLEINFELD, Circuit Judge, concurring:

I continue to adhere to the view I took in our dissent from our court's orders denying rehearing en banc in *Douglas v. California Department of Youth Authority,* 285 F.3d 1226 (2002), and *Hason v. Medical Board of California,* 294 F.3d 1166 (2002). In my opinion, a state cannot knowingly and voluntarily waive a right that Congress has said it does not have. When the state acted under the constraint of the federal statute, the Supreme Court decision[1] holding that Congress acted unconstitutionally had not come down. In *Hason,* the Supreme Court granted certiorari to review our court's position and dismissed certiorari only because the State of California decided that it did not wish to contest liability.[2] The Court may again decide to consider the matter. As a panel,

though, we have no such authority, so I concur in the per curiam opinion.

---

1. *Bd. of Trustees of the Univ. of Ala. v. Garrett,* 531 U.S. 356, 374, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001).

2. *Medical Bd. of California v. Hason,* 537 U.S. 1028, 123 S.Ct. 561, 154 L.Ed.2d 441 (2002) (granting certiorari, in part), *cert. dismissed,* —— U.S. ——, 123 S.Ct. 1779, 155 L.Ed.2d 508 (2003).