346 F.3d 937
 Patricia A. PUGLIESE, Plaintiff-Appellant,
United States, Intervenor,
v.
Jack DILLENBERG, in his individual capacity and official capacity as Director of the Arizona Department of Health Services, husband; Wayne Leblance, in his official capacity as Assistant Chief of the Arizona Department of Health Services Office of Human Rights, husband; Arizona, State of, Defendants-Appellees.
 No. 01-16544.
 United States Court of Appeals, Ninth Circuit.
 Submitted September 11, 2003* — Pasadena, California.
 Filed October 7, 2003.
 
 Trisha Kirtley, Phoenix, AZ, for the plaintiff-appellant.
 Lisa Kay Hudson, Office of the Attorney General, Liability Management Section, Phoenix, AZ, for the defendants-appellees.
 Appeal from the United States District Court for the District of Arizona; Mary H. Murguia, District Judge, Presiding. D.C. No. CV-95-00928-MHM.
 Before: ANDREW J. KLEINFELD, KIM McLANE WARDLAW, and WILLIAM A. FLETCHER, Circuit Judges.
 PER CURIAM Opinion; Concurrence by Judge KLEINFELD.
 OPINION
 PER CURIAM.
 
 
 1
 The State of Arizona validly waived its sovereign immunity under the Eleventh Amendment to claims brought pursuant to § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, et seq., when it accepted federal Rehabilitation Act funds. See Miranda B. v. Kitzhaber, 328 F.3d 1181, 1185-86 (9th Cir.2003); Lovell v. Chandler, 303 F.3d 1039, 1050-51 (9th Cir.2002); Douglas v. Cal. Dept. of Youth Auth., 271 F.3d 812, 819-21 (9th Cir.2001), rehearing en banc denied at 285 F.3d 1226 (9th Cir.2002). The district court's decision to the contrary, see Pugliese v. Ariz. Dept. of Health and Human Servs., 147 F.Supp.2d 985, 989-91 (D.Ariz.2001), which was rendered prior to the decisions cited above, is therefore REVERSED. We REMAND for further proceedings consistent with this opinion.
 
 
 
 Notes:
 
 
 *
 This panel unanimously finds this case suitable for decision without oral argumentSee Fed. R.App. P. 34(a)(2).
 
 
 KLEINFELD, Circuit Judge, concurring:
 
 2
 I continue to adhere to the view I took in our dissent from our court's orders denying rehearing en banc in Douglas v. California Department of Youth Authority, 285 F.3d 1226 (2002), and Hason v. Medical Board of California, 294 F.3d 1166 (2002). In my opinion, a state cannot knowingly and voluntarily waive a right that Congress has said it does not have. When the state acted under the constraint of the federal statute, the Supreme Court decision[1] holding that Congress acted unconstitutionally had not come down. In Hason, the Supreme Court granted certiorari to review our court's position and dismissed certiorari only because the State of California decided that it did not wish to contest liability.[2] The Court may again decide to consider the matter. As a panel, though, we have no such authority, so I concur in the per curiam opinion.
 
 
 
 Notes:
 
 
 [1]
 Bd. of Trustees of the Univ. of Ala. v. Garrett, 531 U.S. 356, 374, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001).
 
 
 [2]
 Medical Bd. of California v. Hason, 537 U.S. 1028, 123 S.Ct. 561, 154 L.Ed.2d 441 (2002) (granting certiorari, in part), cert. dismissed, ___ U.S. ___, 123 S.Ct. 1779, 155 L.Ed.2d 508 (2003).